UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOE BELL, JR.,

    Petitioner,

v.

BEN CURRY, warden,

    Respondent.

No. C 07-6134 MHP (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Joe Bell, Jr., an inmate at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His motion for appointment of counsel also is before the court for consideration.

## BACKGROUND

Bell was convicted in Los Angeles County Superior Court of second degree murder and was sentenced in 1993 to a term of 15 years to life in prison plus one year. His petition does not challenge his conviction but instead challenges a July 28, 2005 decision by the Board of Parole Hearings ("BPH") to find him not suitable for parole. Bell alleges that he filed habeas petitions in state courts, including the California Supreme Court, before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Bell alleges in his petition that the BPH's decision violated his right to due process because it was not supported by some evidence and it was arbitrary and capricious. Liberally construed, the allegations present a cognizable claims for a due process violation. See Board of Pardons v. Allen, 482 U.S. 369 (1987); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006).

Bell has moved for appointment to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See id. The interests of justice do not require appointment of counsel in this action.

**CONCLUSION**

For the foregoing reasons,

1. The petition warrants a response from respondent.

2. The clerk shall serve by certified mail a copy of this order, the petition and all

1 attachments thereto upon respondent and respondent's attorney, the Attorney General of the
2 State of California. The clerk shall also serve a copy of this order on petitioner.

3     3.    Respondent must file and serve upon petitioner, on or before **June 20, 2008**, an
4 answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,
5 showing cause why a writ of habeas corpus should not be issued. Respondent must file with
6 the answer a copy of all portions of the parole hearing record that have been previously
7 transcribed and that are relevant to a determination of the issues presented by the petition.

8     4.    If petitioner wishes to respond to the answer, he must do so by filing a traverse
9 with the court and serving it on respondent on or before **July 31, 2008**.

10     5.    Petitioner is responsible for prosecuting this case. He must keep the court
11 informed of any change of address and must comply with the court's orders in a timely
12 fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
13 pursuant to Federal Rule of Civil Procedure 41(b).

14     6.    The motion for appointment of counsel is DENIED. (Docket # 3.)

15 IT IS SO ORDERED.

16 DATED: April 9, 2008

Marilyn Hall Patel
United States District Judge

3